## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-35** (JCN: 2021019311)

**KEVIN BARNHART,**
**Claimant Below, Respondent**

**FILED**
**May 1, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] appeals the January 3, 2023, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Kevin Barnhart filed a timely response.[2] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's March 22, 2022, order denying authorization for an MRI and its June 3, 2022, order denying the petition to reopen the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2021, Mr. Barnhart sustained a work injury to his right foot and ankle when he was caught between a lowered longwall roof shield and the relay bar used to move the shield forward. The following day, Mr. Barnhart sought treatment at the emergency department of Wheeling Hospital. Danny Fijalkowski, DPM, a podiatrist, examined Mr. Barnhart and, after a physical exam and diagnostic testing, diagnosed him with a closed

---

[1] For reasons not readily apparent in the appendix record, the parties have substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, __W. Va. __, __ n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] Petitioner is represented by Aimee M. Stern, Esq. Respondent is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

nondisplaced fracture of the fourth metatarsal bone of the right foot, a closed nondisplaced fracture of the cuboid of the right foot, and a closed nondisplaced fracture of the lateral cuneiform of the right foot.

By order dated March 31, 2021, the claim administrator held the claim compensable for a nondisplaced fracture of the lateral cuneiform of the right foot and a displaced fracture of the fourth metatarsal bone of the right foot. Subsequent x-rays performed revealed some mild osteoarthritis and degenerative calcaneal enthesophytes, and a June 8, 2021, MRI demonstrated a fracture of the cuboid bone and potential subtle nondisplaced fracture at the fifth metatarsal head of the right foot.

Medical records from April of 2021, June of 2021, and July of 2021 indicate that Mr. Barnhart continued to experience swelling in his foot but reported that his pain was improving. He was instructed to remain off work and to participate in physical therapy. On August 23, 2021, Mr. Barnhart underwent an independent medical evaluation ("IME") performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala opined that Mr. Barnhart had not reached maximum medical improvement ("MMI") but needed no further treatment other than a vitamin D3 supplement that Dr. Fijalkowski had previously prescribed. Dr. Mukkamala indicated his belief that Mr. Barnhart would reach MMI in one to two months.

Treatment records from September of 2021 indicate that Mr. Barnhart reported instability and weakness in his right foot while walking but that he was able to wear regular tennis shoes. He was to remain off work at that time. Subsequently, in October of 2021, Dr. Mukkamala, without having reevaluated Mr. Barnhart, issued an addendum report concluding that Mr. Barnhart had reached MMI and assigning him a 5% whole person impairment rating. In accordance with Dr. Mukkamala's report, the claim administrator suspended Mr. Barnhart's TTD benefits on November 2, 2021.

On November 22, 2021, Dr. Fijalkowski examined Mr. Barnhart and recommended a slow, gradual progression to shoe gear and activity. He directed Mr. Barnhart to continue with the vitamin D supplement and indicated that he was considering requesting a repeat CT scan. Dr. Fijalkowski did not indicate that Mr. Barnhart could return to work at that time. The claim administrator closed Mr. Barnhart's claim for TTD benefits on December 13, 2021.

Subsequently, on January 24, 2022, Dr. Fijalkowski informed Mr. Barnhart that he could return to work without restrictions on January 31, 2022. Mr. Barnhart returned to work but presented to Dr. Fijalkowski on March 15, 2022, with complaints of pain. X-rays performed of Mr. Barnhart's right foot and ankle did not reveal the presence of any fractures. Dr. Fijalkowski indicated that he would request an MRI of Mr. Barnhart's foot and ankle and instructed him that he was not to work until cleared.

Without reevaluating Mr. Barnhart, Dr. Mukkamala issued a supplemental report on March 21, 2022, stating that, based upon his review of additional medical records, he still believed Mr. Barnhart had reached MMI and was not temporarily and totally disabled. On March 22, 2022, the claim administrator denied authorization for an MRI of Mr. Barnhart's right foot and ankle. On May 23, 2022, Mr. Barnhart filed a petition to reopen his claim for TTD benefits from March 15, 2022, through June 15, 2022. Dr. Fijalkowski completed the physician's portion of the application and indicated that Mr. Barnhart was having pain and swelling in his foot, and requested an MRI. Dr. Fijalkowski further noted that Mr. Barnhart was unable to continue working. On June 3, 2022, the claim administrator denied Mr. Barnhart's petition to reopen his claim for TTD benefits. Mr. Barnhart later testified via deposition in July of 2022, stating that he returned to work per Dr. Fijalkowski's January 24, 2022, return-to-work notice but had experienced difficulty with his right foot and ankle. Specifically, he reported that his right foot and ankle were stiff, swollen, and painful. On cross-examination, Mr. Barnhart admitted that he had never regained full range of motion in his foot prior to returning to work.

On January 3, 2023, the Board issued an order reversing the claim administrator's March 22, 2022, order denying authorization for an MRI and June 3, 2022, order denying the petition to reopen the claim for TTD benefits.[3] The Board noted that Dr. Mukkamala had examined Mr. Barnhart on only one occasion and had issued his subsequent reports without having reevaluated Mr. Barnhart nor reviewed his current medical records, while, in contrast, Dr. Fijalkowski had examined Mr. Barnhart on multiple occasions and had examined him more recently, about seven months after Dr. Mukkamala's examination. The Board further noted that Mr. Barnhart returned to work in January of 2022, but was unable to continue working after March 15, 2022, due to pain and swelling in his right foot. The Board determined that a preponderance of the medical evidence demonstrated that Mr. Barnhart had sustained an aggravation or progression of his compensable injury resulting in temporary and total disability, justifying reopening the claim for TTD benefits. Furthermore, the Board noted that Dr. Fijalkowski had requested the MRI in an attempt to discover why Mr. Barnhart's symptoms had returned and that his request for an MRI was reasonable, necessary, and related to the treatment of the compensable injury. ACNR Resources now appeals the Board's order reversing these two orders from the claim administrator.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further

---

[3] The Board specifically held that the claim was reopened for TTD benefits from March 15, 2022, through June 15, 2022, and continuing thereafter as supported by proper medical evidence.

proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ACNR Resources argues that the Board erred in reversing the claim administrator's orders denying authorization for a repeat MRI and denying the petition to reopen the claim for TTD benefits. According to ACNR Resources, when Dr. Fijalkowski examined Mr. Barnhart in March of 2022, all of his objective findings were normal, x-rays revealed no acute findings, and Mr. Barnhart reported no complaints of pain with passive range of motion testing. ACNR Resources further notes that Mr. Barnhart's complaints from November of 2021 through March of 2022 were largely the same, indicating that no change had occurred. As such, ACNR Resources concludes that there is no evidence demonstrating an aggravation or progression of his compensable injury since being released to work and, therefore, the claim administrator properly denied the petition to reopen TTD benefits. Moreover, given the normal findings upon examination and x-rays, ACNR Resources contends that there was no indication that a repeat MRI was necessary.

Upon our review, we find that the Board was not clearly wrong in reversing the claim administrator's orders. In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition or facts not previously considered. *See* W. Va. Code §§ 23-5-2 (2005), 23-5-3 (2021). Here, Dr. Fijalkowski examined Mr. Barnhart on January 24, 2022, and determined that he had reached MMI and could return to work. After returning to work, Mr. Barnhart's symptoms returned and prevented him from continuing to work. The Board found that this evidence was sufficient to support that an aggravation or progression of Mr. Barnhart's compensable injury had occurred, justifying the reopening of the claim for TTD benefits, and we find no clear error in that decision. Additionally, pursuant to West Virginia Code § 23-4-3 (2005), a claim administrator must provide medically related and reasonably required treatment for all compensable conditions. In this case, Dr. Fijalkowski performed a physical exam and ordered x-rays in order to determine the basis of Mr. Barnhart's renewed complaints and could not find one. As such, he concluded that he needed a repeat MRI of Mr. Barnhart's foot and ankle so that he could adequately diagnose and treat the injury. The Board found

that, under these circumstances, a repeat MRI was reasonable, necessary, and related to the treatment of the compensable injury. We agree.

For the foregoing reasons, we find that the Board's decision is not in violation of any statutory provision, nor clearly wrong in light of the evidence, nor characterized by an abuse of discretion. Therefore, we affirm the Board's January 3, 2023, order.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen